Kerma Sue AVEY and L. Jean
Smith, Appellants,

v.

HILLCREST MEDICAL CENTER, an
Oklahoma Corporation, Appellee,

and

John C. Goldthorpe, an individual; Mark
Ambrosious, an individual; and Steve
Landgarten, Defendants.

No. 73,974.

Court of Appeals of Oklahoma,
Division No. 3.

May 21, 1991.

Rehearing Denied June 18, 1991.

Certiorari Denied Sept. 11, 1991.

D. Kevin Ikenberry, Tulsa, for appellants.

J. Douglas Mann, and, Mark S. Rains, Tulsa, for appellee.

HUNTER, Chief Judge:

Appellants seek review of the trial court's order granting Appellee's motion for summary judgment.

Appellants filed suit against Appellee and Defendants for wrongful discharge, breach of contract, tortious breach of an implied covenant of good faith, intentional infliction of emotional distress and for intentional interference with employment relationship against Defendants only. The trial court determined Appellants were employees at will, and as such, had no contractual relationship with Appellee upon which to maintain a breach of contract action. Summary judgment was granted in reliance on *Hinson v. Cameron*, 742 P.2d 549 (Okl.1987) and *Burk v. K–Mart Corporation*, 770 P.2d 24 (Okl.1989). Appellants

timely filed this appeal. They do not appeal the trial court's judgment regarding Defendants or any of the various tort claims against Appellee, but do appeal on the tortious breach of an implied covenant of good faith and the breach of contract claim.

Appellants allege that the trial court erred in sustaining Appellee's motion for summary judgment because evidence showed Appellants were not at-will employees due to an alleged contract of employment formed by the terms of their employee handbook and material fact issues remain regarding whether they were terminated for cause and on the claim for tortious breach of an employment contract.

Summary judgment is appropriate if there is no substantial controversy as to any material fact, and a party is entitled to judgment as a matter of law. *Sellers v. Oklahoma Publishing Company*, 687 P.2d 116 (Okl.1984). In reviewing an order granting summary judgment, we will affirm the judgment unless the record discloses controverted material facts or the uncontroverted facts fail to show, as a matter of law, that the successful party was entitled to the judgment rendered. *Scott v. Thunderbird Industries*, 651 P.2d 1346 (Okl.1982). Upon a review of the record in this case, we find the trial court properly granted summary judgment to Appellee as a matter of law.

Kerma Sue Avey had been employed with Appellee for 16 years when she was suspended and then terminated. She held various supervisory positions with Appellee until 1986 when she was promoted to the position of Director of Quality Assurance after being informed by Defendants that there had been prior concerns about her problems with interpersonal skills and working relationships with other employees. She received the promotion only upon the condition that she would establish good working relationships with her fellow workers and was not promised she would hold that position permanently. She was at no time provided with any written employment contract by Appellee.

Jean Smith worked for Appellee in several positions until she was promoted to the position of Coordinator of Medical Staff Services in 1986. Smith, like Avey, was not promised that she would be employed by Appellee for any specific length of time and had no written employment contract while at the hospital.

Both Appellants were given copies of an employee Handbook (Handbook) prior to their promotions and both reviewed it. The Handbook referred to the Policy and Procedural Manual (Manual) which was available to them as supervisors at all times. The Handbook and Manual set forth the hospital's policies on employment and grievance procedures. The first paragraph of the Manual referred to the hospital's policies as "guidelines" and stated that "[T]he policies are not intended to be contractual conditions of employment, nor is the language intended to create a contract between Hillcrest Medical Center and its employees". The Handbook contained a section captioned in large bold type, "THE LAST WORD" which set forth personnel policy changes and plainly stated:

> The policies described in the Employee Handbook are guidelines to be used during employment and are not intended to be contractual conditions of employment, nor is the language intended to create a contract between Hillcrest Medical Center and its employees.

The Handbook set forth that "employees may be immediately suspended without pay pending investigation and/or possibly discharged for serious misconduct". Major violations could result in suspension and/or termination, including but not limited to 19 different categories, one specifically being "neglecting or abusing (verbally or physically) patients, visitors or fellow workers". Discharge was defined as "hospital initiates termination for cause." The Manual reiterated the statement of the Handbook that an employee could be immediately suspended without pay pending an investigation and/or possibly discharged for serious misconduct. The same major violations were restated in the Manual.

Appellee received numerous complaints from Appellants' fellow workers concerning verbal threats to them and other questionable supervisory practices. Appellee gave written notice to Appellants that they were being suspended for five days in order that Appellee could investigate the charges relating to their management practices in accordance with the Handbook and Manual policy and procedures. After the expiration of the suspension time, Defendants met separately with Appellants and advised them that an investigation had been conducted. They were given a counselling report, advising each of them that they were being terminated by the hospital for using one of the Defendant's names and authority in order to threaten employees with the loss of their jobs, verbally abusing and threatening employees, vindictive behavior toward certain members of the medical staff and expressing strong disapproval of the executive staff to the employees. Smith was also terminated for breach of confidentiality.

Appellee based its motion for summary judgment on the above uncontroverted facts which Appellants made no attempt to rebut. Rather, Appellants alleged that issues of material fact remained whether they were terminated for cause and whether Appellee breached the terms of the employee handbook. Appellants asserted that they "understood" from the Handbook that they could not be fired except for cause. However, we find nothing implicit in the language of the Handbook or Manual which is pointed to by Appellants which could have given them false assurances that they anything but employees at-will. *Hinson v. Cameron, supra.* Here, as in *Hinson,* there were no assurances of job security and Appellee disclaimed any intention to form a contract of employment. The disclaimers were bold and clear and Appellee's policies were unambiguous, unlike those addressed by the Court of Appeals in *Johnson v. Nasca,* 802 P.2d 1294 (Okl.App.1990), relied upon by Appellants. The trial court properly determined that Appellants were employees at-will under these facts.

The party opposing a motion for summary judgment has the burden to produce admissible evidence which contradicts the facts established by the moving party and demonstrates that a trial is necessary. *Loper v. Austin,* 596 P.2d 544 (Okl.1979). Appellants allege there remained a material question of fact as to whether they were terminated for cause. As we have already determined that Appellants were employees at-will it is irrelevant whether they were terminated for cause. An employer may terminate an at-will employee for good cause, for no cause or even for cause morally wrong without incurring liability for breach of contract and there is no implied covenant of good faith and fair dealing that governs an employer's decision to terminate an at-will employee. *Burk v. K–Mart Corp., supra.* Appellee followed the termination policy and procedure as outlined in the Handbook and Manual and it was required to do no more.

We also find no merit in Appellants' contention that they have stated a claim for tortious breach of an employment contract. Appellants did not allege this cause of action in their petitions, but alleged that their terminations constituted a "tortious breach of the implied covenant of good faith." As set forth above, the trial court properly determined that Appellants were foreclosed on this cause of action based upon *Hinson v. Cameron, supra;* and *Burk v. K–Mart Corp., supra.*

The order of the trial court is hereby AFFIRMED.

AFFIRMED.

GARRETT, P.J., concurs.

HANSEN, J., dissents.