979 F.2d 858
 RICO Bus.Disp.Guide 8256
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard H. STEINBERG; Sandra Steinberg; Priority
Development, Ltd., a Colorado corporation;
Priority Development, Co., a Colorado
corporation, Plaintiffs-Appellants,
v.
Ken ALLEN, a/k/a Ken A. Allen, a/k/a Ken M. Allen; Judy
Allen; Lincoln Theatre Production, Inc.; Jerry
F. Jager, Defendants-Appellees,
and
Thomas O. Murphy, III, and X-1 through X-10, Defendants.
 No. 91-8033.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1992.
 
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs brought suit to obtain redress for substantial financial losses incurred in connection with various entertainment promotions, allegedly as the result of defendants' fraudulent activities. They now appeal from a district court order granting summary judgment in favor of defendants-appellees and dismissing the action (the other defendants were never served).
 
 Jurisdictional Considerations
 
 3
 Although the notice of appeal refers only to the summary judgment order that concluded the proceedings in district court, plaintiffs' appellate briefs also challenge earlier adverse rulings compelling production of their tax returns, denying their motion for prejudgment remedies, and dismissing six of the seven claims asserted in the original complaint under Fed.R.Civ.P. 12(b)(6). The notice of appeal must designate, among other things, the "judgment, order or part thereof appealed from." Fed.R.App.P. 3(c). The requirements of Rule 3(c) are jurisdictional, Nolan v. United States Dep't of Justice, 973 F.2d 843, 846 (10th Cir.1992), so failure to designate a particular ruling may bar appellate review, see, e.g., Scaramucci v. Dresser Indus., Inc., 427 F.2d 1309, 1318 (10th Cir.1970). However, the degree of technical compliance demanded by the different provisions of Rule 3(c) varies, Kotler v. American Tobacco Co., 926 F.2d 1217, 1221 (1st Cir.1990), vacated on other grounds, 112 S.Ct. 3019-20 (1992), and, for present purposes, plaintiffs' omissions shall not preclude appeal if it is sufficiently clear from the record that they always intended to appeal the challenged interlocutory rulings. Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1379 (10th Cir.1979). Compare Dupree v. United Parcel Serv., Inc., 956 F.2d 219, 220 n. 1 (10th Cir.1992) with Cunico v. Pueblo Sch. Dist. No. 60, 917 F.2d 431, 444 (10th Cir.1990).
 
 
 4
 Accordingly, we recognize jurisdiction over the discovery and prejudgment attachment rulings, which were specifically identified in plaintiffs' docketing statement filed shortly after the notice of appeal. The dismissal order, unmentioned until plaintiffs' appellate briefs, presents a closer question. However, in light of the rule favoring jurisdiction in ambiguous circumstances, see Perington, 631 F.2d at 1380, and the fact that the summary judgment order properly appealed from at least references, albeit obliquely, the earlier dismissal order, see Dupree, 956 F.2d at 220 n. 1, we exercise jurisdiction over this matter as well.[1]
 
 Rule 12(b)(6) Dismissals
 
 5
 The first five of the seven claims pled by plaintiffs consisted of alleged violations of particular federal criminal statutes. App. Vol. 1 at 28-33. The seventh claim asserted more generally that defendants had, by such conduct, subjected plaintiffs to the "criminal violation of their civil rights." Id. at 34-35. The district court dismissed these claims, noting that the cited criminal statutes do not provide for independent civil relief. Id. at 213, 217. See generally Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (private individuals have no standing to compel enforcement of federal criminal statutes). Plaintiffs' belated attempt on appeal to invoke 42 U.S.C. §§ 1983 and 1985(2), (3) does not remedy the problem. Criminal offenses do not in and of themselves give rise to enforceable civil rights claims unless the criminal statutes in question create privately enforceable rights. Winslow v. Romer, 759 F.Supp. 670, 673-74, 676, 677 (D.Colo.1991). While criminal conduct otherwise remediable as unconstitutional under the civil rights laws is not insulated from such redress by virtue of its doubly wrongful character, here the essential allegations of action under color of state law (§ 1983), obstruction of justice (§ 1985(2)), racial or other class-based animus (§ 1985(3)), and state action are lacking in any event. On de novo review, see Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir.1989), we conclude these claims were properly dismissed.
 
 Summary Judgment
 
 6
 Plaintiffs' remaining claim, realleged singly in the amended complaint, sought relief under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. Plaintiffs asserted that defendants' alleged fraudulent dealings, criminalized by 18 U.S.C. § 1341 (mail fraud), § 1343 (wire fraud), § 2314 (interstate transportation of stolen money), and § 2315 (receipt of stolen money through interstate transportation), constituted a pattern of racketeering activity prohibited under § 1962(a), (b), (d), and remediable under § 1964(c). Defendants moved for summary judgment on this claim, submitting detailed affidavits denying any wrongdoing in their financial transactions with plaintiffs. After concluding that defendants' materials indicated the absence of a factual basis for the claim, the district court assessed plaintiffs' responsive evidentiary showing as deficient:
 
 
 7
 After nine months, during which time they could have conducted extensive discovery, plaintiffs have not deposed the alleged conspirators, or anyone else for that matter.... Plaintiffs have merely reiterated the allegations contained in their amended complaint, which at best amount to only a "mere scintilla of evidence" insufficient to overcome defendants' motion. [ Manders v. Oklahoma ex rel. Dept. of Mental Health, 875 F.2d 263, 265 (10th Cir.1989) (following Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 251 (1986).]
 
 
 8
 * * *
 
 
 9
 In addition to their affidavits, plaintiffs refer the Court to documents in the pleadings which they assert support their theory of the case.... Plaintiffs have not elucidated for the Court, nor can the Court divine on its own, exactly how these documents, which appear to be perfectly legal, support their case. The Court also cannot fathom how a jury could reasonably find in plaintiffs' favor solely on the bases of these documents and plaintiffs' allegations. Plaintiffs have provided no other evidence upon which the Court could rely to deny defendants' motion.
 
 
 10
 The affidavits and "supporting documentation" quite possibly raise questions regarding the wisdom of plaintiffs' business decisions and defendants' business ethics. The question before the Court, however, is whether these questions have anything to do with defendants' motion for summary judgment in this RICO case. The Court does not believe that losses occasioned by plaintiffs' naivete and/or ill-advised business decisions are losses which can be redressed through a civil RICO cause of action.
 
 
 11
 App.Vol. 2 at 654, 655-56. Accordingly, the district court held that defendants had carried their burden on summary judgment, unrebutted by plaintiffs, and granted their motion.
 
 
 12
 We review the grant of summary judgment de novo, applying the same standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Rule 56(c) directs us to determine whether the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." More specifically, our review in this case is guided by the principle that "summary judgment is mandated, after an adequate time for discovery and upon motion, against a party who 'fails to make a showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " Aldrich Enters., Inc. v. United States, 938 F.2d 1134, 1138 (10th Cir.1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).
 
 
 13
 The several subsections of § 1962 make it unlawful "to acquire or maintain any interest 'through a pattern of racketeering activity' in an enterprise engaged in interstate commerce." Berg v. First Am. Bankshares, Inc., 796 F.2d 489, 501 (D.C.Cir.1986) (quoting § 1962); see H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 232-33 (1989). To establish the requisite "racketeering activity," plaintiffs must present evidence of conduct indictable under the federal criminal statutes they relied on for the predicate acts in the complaint. 18 U.S.C. § 1961(1); see Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 481, 488 (1985).
 
 
 14
 Plaintiffs maintain that two separate but related business ventures, initiated by defendants and financially ruinous for plaintiffs, satisfy this requirement. The first involved the promotion of rock music concerts, which over time necessitated repeated, substantial expenditures by plaintiffs to forestall cancellation and the consequent forfeiture of a relatively small initial investment. The only appreciable evidence of wrongdoing here related to defendants' solicitation of plaintiffs' investment using a brochure incorporating letters of endorsement from two state offices contrary to the latter's policy against use of such endorsements to procure investment. This violation of government office policy falls far short of the criminal fraud necessary to substantiate the RICO claim asserted in the complaint. Upon review of the record, we agree with the district court that plaintiffs' evidence failed to establish a triable issue of racketeering activity by defendants for their role in the parties' unsuccessful concert promotions.
 
 
 15
 The second venture involved plaintiffs' later investment in the renovation of a theatre to serve as a forum for concerts and other entertainments. Plaintiffs alleged that their participation in this undertaking was fraudulently induced by documents falsely indicating that defendant Ken Allen already owned the theatre when in fact he did not acquire it until several months later. We agree with the district court that there is no indication of any illegality or falsity in these documents, which clearly showed that Allen possessed only an assignment of an as yet unexecuted contract for purchase of the theatre. See App.Vol. 1 at 94-109. Moreover, to the extent plaintiffs are claiming defendants misstated the import of these documents, defendants' alleged misrepresentation would, on our record, constitute nothing more than an unqualified legal opinion plainly contradicted by the documents themselves and, as such, would be insufficient to establish fraud.
 
 
 16
 Plaintiffs thus failed to substantiate the allegations of fraud comprising the racketeering activity they sought to attribute to defendants. The district court properly rejected their RICO claim accordingly. See, e.g., Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 892 (10th Cir.1991).
 
 Preliminary Rulings
 
 17
 In light of our affirmance of the judgment for defendants on the merits of the case, plaintiffs' challenge to the denial of their request for prejudgment attachment remedies is moot. See Hankins v. Temple Univ., 829 F.2d 437, 438 n. 1 (3d Cir.1987) (following American Postal Workers Union v. United States Postal Serv., 764 F.2d 858, 860 n. 3 (D.C.Cir.1985), cert. denied, 474 U.S. 1055 (1986).
 
 
 18
 Plaintiffs object to the discovery order compelling production of their tax returns (for confidential review by opposing counsel), but it is not clear from the record whether the returns were ever produced before the case was dismissed by the district court. If they were produced, our review of the matter is precluded under the general principle that compliance with an order to produce materials moots an appeal therefrom. See, e.g., Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1479 (9th Cir.1992) (compliance moots appeal from discovery order), petition for cert. filed, 61 U.S.L.W. 3060 (U.S. June 29, 1992) (92-31); Office of Thrift Supervision Dep't of Treasury v. Dobbs, 931 F.2d 956, 957-58 (D.C.Cir.1991) (compliance moots appeal from subpoena enforcement order); see also Thournir v. Buchanan, 710 F.2d 1461, 1463 (10th Cir.1983) (where act sought to be enjoined has occurred, appeal from order denying injunctive relief is moot). On the other hand, the issue is also moot if the returns were not produced, because, given our disposition of the appeal in all other respects, the action directed by the discovery order would never take place and, therefore, the order would have no legal consequences for this court to correct. See generally Thournir, 710 F.2d at 1463 (issue is moot if appellate court cannot grant any effective relief).
 
 
 19
 For the foregoing reasons, the judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We also note that the disposition effected by the appealed order was not recorded on a separate document in accordance with Fed.R.Civ.P. 58, and the order does not itself meet the requirements of the rule, compare Clough v. Rush, 959 F.2d 182, 185 (10th Cir.1992) with Laidley v. McClain, 914 F.2d 1386, 1390 (10th Cir.1990). Under the circumstances, however, we deem this technical noncompliance with Rule 58 waived. Clough, 959 F.2d at 185-86; see also Pratt v. Petroleum Prod. Management Inc. Employee Sav. Plan & Trust, 920 F.2d 651, 655-56 (10th Cir.1990)