83 F.3d 432
 131 Lab.Cas. P 33,374
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Greg NEVILLE, Plaintiff-Appellant,
v.
U.S. FIDELITY and GUARANTY COMPANY, Defendant-Appellee.
 No. 95-6128.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, an insurance loss control consultant, commenced this action against his former employer, alleging defendant's termination of his employment breached an implied contract of employment and Oklahoma public policy, and further alleging that defendant owed plaintiff compensation for unpaid overtime, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. 201-219. Plaintiff appeals the district court's decision entering summary judgment for defendant on the contract and public policy claims asserted under Oklahoma law, and the jury's verdict entered for defendant on the FLSA claim.
 
 I. STATE LAW CLAIMS
 
 3
 This court reviews a summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Carl v. City of Overland Park, 65 F.3d 866, 868 (10th Cir.1995). Summary judgment is appropriate only if there is no genuinely disputed material issue of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Upon consideration of the record and the parties' arguments on appeal, we affirm the district court's decision granting defendant summary judgment on the state law claims.
 
 
 4
 Under Oklahoma law, an employment contract of indefinite duration may be terminated at will by either party. E.g., Burk v. K-Mart Corp., 770 P.2d 24, 26 (Okla.1989). However, "at-will employment may, under some circumstances, be converted to one of tenured job security by implied contract." Dupree v. United Parcel Serv., Inc., 956 F.2d 219, 222 (10th Cir.1992).
 
 
 5
 Plaintiff, however, was unable to allege and support, with sufficient specificity, the existence of an implied contract whose terms limited defendant's ability to terminate plaintiff's employment at will. While the existence of an implied contract is ordinarily a question of fact, this issue can be resolved as a matter of law if the alleged promises are no more than vague assurances. Id.; see also Hayes v. Eateries, Inc., 905 P.2d 778, 782 (Okla.1995). The district court, therefore, did not err in granting defendant summary judgment on this claim. See Dupree, 956 F.2d at 222-23; Gilmore v. Enogex, Inc., 878 P.2d 360, 369 (Okla.1994).
 
 
 6
 Oklahoma law also recognizes an exception to the at-will employment relationship when "the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law." Burk, 770 P.2d at 28. This "narrow" exception, however, is to be "tightly circumscribed." Id. at 28-29. The question of whether an employer's termination of an at-will employee implicates "a sufficient[ly] discernable public policy" is an issue of law. Hayes, 905 P.2d at 785.
 
 
 7
 Plaintiff alleged that defendant terminated his employment after he insisted upon reporting, to defendant and its customer, hazardous activities existing in one of the customer's mills. Specifically, plaintiff asserts that "he was discharged because he continued to ... report ... violations" of the laws and regulations administered by the Occupational Safety and Health Administration (OSHA), appellant's opening brief at 26, and because he "refused to eliminate from his reports certain OSHA violations," id. at 34. The record, however, established that plaintiff did not specify any OSHA violations in those reports, nor has he established that the problems chronicled in those reports amounted to OSHA violations. Further, plaintiff admitted that he did not report any OSHA violations to any government enforcement entity. He also acknowledged that neither of his two supervisors on this account specifically told him not to include OSHA violations in these reports. II Appellant's App. at 495.
 
 
 8
 Plaintiff's claims, therefore, amount only to allegations that defendant terminated him because he continued to report problems he found at the customer's mill to defendant and its customer. Although plaintiff argues he was fired for reporting OSHA violations which were occurring at the customer's mill, there is no evidence that the problems he reported were statutorily prohibited acts. Further, there is no clear mandate of Oklahoma public policy against terminating employees for internal whistleblowing activity. See Burk v. K Mart Corp., 956 F.2d 213, 214 (10th Cir.1991)(applying Oklahoma law); Hayes, 905 P.2d at 788; Vannerson v. Board of Regents, 784 P.2d 1053, 1055 (Okla.1989). Plaintiff's citation to Tate v. Browning-Ferris, Inc., 833 P.2d 1218, 1223 n. 19 (Okla.1992), to support his argument that Oklahoma has recognized wrongful discharge claims by at-will employees who are internal whistleblowers is not supported by the language in Tate or in Hinson v. Cameron, 742 P.2d 549, 552-53 (Okla.1987), cited in Tate. At most, Hinson can be read only as a recitation of the types of claims that have been recognized in other jurisdictions. We affirm the district court's decision granting defendant summary judgment on this claim.
 
 II. FLSA CLAIM
 
 9
 Following a trial on plaintiff's claim seeking to recover compensation for unpaid overtime, a jury found that plaintiff was an administrative employee exempt from FLSA overtime provisions. See 29 U.S.C. 213(a)(1). Plaintiff asserts that the district court erred when it denied plaintiff's motion for judgment as a matter of law, Fed.R.Civ.P. 50, that plaintiff was not an administrative employee as defined under the FLSA. Because, construing the evidence and its inferences most favorably to defendant, there was evidence presented from which the jury could have found that plaintiff was an exempt employee, the district court did not err in denying plaintiff's motion. See FDIC v. United Pac. Ins. Co., 20 F.3d 1070, 1079 (10th Cir.1994).
 
 
 10
 Plaintiff also challenges the district court's instructions to the jury.
 
 
 11
 On appeal of a trial court's jury instructions, the appellate court, after review of the record as a whole, must determine whether the instructions correctly state the applicable law and provide the jury with ample understanding of the issues and standards of the case. We must consider not whether the charge was faultless but whether the jury had an understanding of the issues and its duty to determine these issues. In that regard, only prejudicial error in the jury instructions will mandate reversal.
 
 
 12
 Lamon v. City of Shawnee, 972 F.2d 1145, 1153 (10th Cir.1992) (citations, quotation omitted), cert. denied, 507 U.S. 972 (1993).
 
 
 13
 Plaintiff argues that the district court erred in instructing the jury that defendant had to establish, by a preponderance of the evidence, rather than by clear and convincing evidence, that plaintiff was an administrative employee exempt from the FLSA overtime provisions. The law of this circuit requires the employer to establish an FLSA exemption by "clear and affirmative" evidence. Donovan v. United Video, Inc., 725 F.2d 577, 581 (10th Cir.1984); see also, e.g., Aaron v. City of Wichita, 54 F.3d 652, 657 (10th Cir.), cert. denied, 116 S.Ct. 419 (1995). Because a review of the decisions underlying this standard, however, "confirm[ ] that it is merely a different articulation of the ... preponderance of the evidence standard, as applied to a remedial statute which is to be narrowly construed," Reich v. Chicago Title Ins. Co., 853 F.Supp. 1325, 1329 n. 2 (D.Kan.1994), the district court did not err in its instructions to the jury concerning defendant's burden of proving its affirmative defense. See generally Haynes v. Manning, 917 F.2d 450, 452 (10th Cir.1990)(clear and convincing standard of proof applicable only where government has taken more coercive action against individuals than money damages or conventional relief).
 
 
 14
 On appeal, plaintiff also argues that the trial court erred in failing to instruct the jury "as to the requirement of an 'administrative exemption' that the employee was, in fact, involved in 'administrative work' rather than production," and failing to instruct the jury "on the regulations explaining that 'information gathering' was not considered administrative work." Appellant's Opening Br. at 49. Our review of the jury instructions as a whole fails to persuade us that the jury lacked an understanding of the issues presented and its duty to determine those issues.
 
 
 15
 The district court's judgment is, therefore, AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3