Glen GRAVES, Appellant,

v.

GENERAL INSURANCE CORPORA-
TION, Appellee.

No. 9219.

United States Court of Appeals
Tenth Circuit.

Aug. 15, 1967.

Submitted on the brief by Sam Laughlin, Jr., of Osborn & Laughlin, Roswell, N.M., for appellant.

Submitted on the brief by Bob F. Turner, Roswell, N. M. (Atwood & Malone, Roswell, N. M., of counsel), for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge,* and LEWIS and BREITENSTEIN, Circuit Judges.

WILBUR K. MILLER, Senior Circuit Judge:

In this suit filed by Glen Graves on a fire insurance policy, the United States District Court for the District of New Mexico on July 15, 1966, awarded summary judgment to the defendant insurance company. Graves' counsel, on July 20, 1966, mailed to the clerk of the District Court at Albuquerque a notice of appeal from that action. The Clerk received the notice on July 21, but did not mark it "Filed" because it seemed to him to be defective.

The notice was correctly captioned, showing the name of the District Court and the style of this case as it appeared on the docket; but in the text of the notice it was erroneously recited that the appeal was being taken to the Supreme Court of the State of New Mexico instead of the United States Court of Appeals for the Tenth Circuit. Because of this error, the Clerk of the District Court did not file the notice of appeal, but returned it to Graves' counsel, calling his attention to the misnomer of the appellate court.

Graves' counsel prepared a corrected notice of appeal but, due to fortuitous circumstances, it was not received by the Clerk of the District Court until after the expiration of the period of 30 days from the entry of summary judgment.[1]

After the District Court had announced its intention to deny his motion to file the tardily tendered corrected notice of appeal on the ground of excusable neglect, Graves filed on October 13, 1966 a

written motion that the Clerk be directed to docket his appeal on the notice of appeal received by him on July 21, 1966. The motion included the following grounds:

"That on July 20, 1966, Plaintiff mailed to the Clerk of this Court a Notice of Appeal wherein Plaintiff erroneously stated that he was appealing the Order of this Court granting Summary Judgment in favor of the Defendant to the Supreme Court of the State of New Mexico; that a true and correct copy of said Notice of Appeal is attached hereto and made a part hereof.

"That said Notice of Appeal was received by the Clerk of this Court on July 21, 1966, and that the Clerk failed and refused to file the same and returned it to Plaintiff's attorneys; that the Notice of Appeal was adequate under the law and rules of the United States Courts and should have been filed in this cause by the Clerk."

On the same day — October 13 — the District Court denied the motion just described, and this appeal followed.

■ Of course, the Clerk of the District Court was trying to be helpful when he returned to Graves' counsel the first notice of appeal and pointed out the obvious inadvertence in naming the court to which the appeal was taken. But it is not the function of the clerk of a district court to pass on the sufficiency of a notice of appeal which is tendered to him for filing. The sufficiency of such a notice may be challenged in the Court of Appeals by the appellee's motion to dismiss; or the appellate court itself, with or without motion, may dismiss for lack of jurisdiction, if it considers the notice of appeal fatally defective. Trivette v. New York Life Insurance Company, 270 F.2d 198 (6th Cir. 1959).

---

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

1. Rule 73(a) of the Federal Rules of Civil Procedure provides that such notices must be filed within 30 days after the entry of the judgment from which appeal is sought.

We hold that the Clerk of the District Court should have filed the notice of appeal which he received July 21; but that his failure to mark it "Filed" is immaterial, since it is the time when the clerk of a district court receives actual custody of the notice which establishes the jurisdiction of the appellate court. The Fifth Circuit said, in Ward v. Atlantic Coast Line Railroad Company, 5 Cir., 265 F.2d 75, 81 (1959):

"* * * It is the time when the clerk receives actual custody of the notice which determines whether this court has jurisdiction over the appeal, and under circumstances such as are present in this case, the notice may be received in the clerk's custody and control even though it has not yet been manually handled and marked 'filed' by the clerk or his deputy."

It was there held that the notice of appeal was seasonably filed because the clerk's office had actual custody of it within the 30-day period, even though it was not marked "Filed" until after that period had expired.

Accordingly, we hold that the District Court erred in denying the appellant's motion of October 13, which asked that the Clerk of the District Court be directed to file the notice of appeal lodged with him July 21.

The next question is whether the notice of appeal was fatally defective because it recited that the appeal was being taken to the Supreme Court of New Mexico, instead of the United States Court of Appeals for the Tenth Circuit. Of course, because of the posture of the case, the appellee has not had an opportunity to test the sufficiency of the notice of appeal by filing in this court a motion to dismiss the appeal. We shall therefore, on our own motion, examine the jurisdictional question and consider whether the misnomer of the court to which the appeal was being taken made the notice of appeal fatally defective.

Rule 73(b) does indeed provide that a notice of appeal from a district court to the court of appeals "shall name the court to which the appeal is taken." Rule 1 provides, however, that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." And it has been expressly held that Rule 73 should be liberally construed. Thus, in Gunther v. E. I. du Pont de Nemours & Company, 4 Cir., 255 F.2d 710, 717 (1958), the Fourth Circuit said:

"The courts of appeal .[*sic*] should be liberal in passing on the sufficiency of a notice of appeal taken under Rule 73. It is provided in Rule 73(b) that the notice shall specify the parties taking the appeal, the judgment or the part thereof appealed from, and the name of the court to which the appeal is taken. The purpose of the notice is to acquaint the appellee and the appellate court with the fact that an appeal has been taken from a specific judgment in a particular case. When it appears that adequate information is given by the notice, the appeal should not be dismissed for mistakes which do not mislead or prejudice the appellee. * * *"

The Third Circuit had occasion to discuss this subject in Donovan v. Esso Shipping Company, 3 Cir., 259 F.2d 65, 68 (1958). It said:

"The filing of a simple notice of appeal was intended to take the place of more complicated procedures to obtain review, and the notice should not be used as a technical trap for the unwary draftsman. A defective notice of appeal should not warrant dismissal for want of jurisdiction where the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice and where the defect has not materially misled the appellee. * * *"

In like manner, we think a defective notice of appeal should not warrant dismissal for want of jurisdiction where the intention to appeal to a certain court of appeals may be reasonably inferred from the notice, and where the defect has not materially misled the appellee.

Here, the notice of appeal's caption correctly showed the style of the case as one which had lately been decided by the United States District Court for the District of New Mexico. The United States Court of Appeals for the Tenth Circuit is the only court to which an appeal could have been taken. In these circumstances the notice's recital that the appeal was being taken to the Supreme Court of the State of New Mexico was an obvious inadvertence which could not possibly have prejudiced or misled the appellee.[2] We hold that the notice of appeal of July 21 was sufficient to give this court jurisdiction.

The order appealed from will be reversed, the first notice of appeal will be treated as having been properly filed on July 21, 1966, and, due to the circumstances, the 40-day period for docketing the appeal fixed by Rule 73(g) will begin to run on the date of this opinion.

It is so ordered.

---

2. Cf. Trivette v. New York Life Insurance Company, supra n. 1, where the notice of appeal designated the court to which the appeal was taken as the "Federal District Court of Appeals for the Sixth Circuit." The notice of appeal was held sufficient.