**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul E. NEAL, Defendant-Appellant.**

**No. 85–1076.**

United States Court of Appeals,
Tenth Circuit.

Oct. 7, 1985.

Robert E. Mydans, Atty., Dept. of Justice, Kansas City, Mo. (and William S. Price, U.S. Atty., Frank M. Ringer, Asst. U.S. Atty., Oklahoma City, Okl., with him on the brief) for plaintiff-appellee.

G. Michael Blessington, Oklahoma City, Okl., for defendant-appellant.

Before HOLLOWAY and MOORE, Circuit Judges, and CROW, District Judge.*

PER CURIAM.

Paul E. Neal appeals an order dismissing his appeal to the district court of four misdemeanor convictions. Defendant asserts error in the ruling that the notice of appeal filed with the district court on June 29, 1984, was insufficient. We have reviewed the notice and have determined its defect did not deprive the district court of appellate jurisdiction.

On June 26, 1984, a United States magistrate sentenced defendant for four misde-

* Honorable Sam A. Crow, District Judge for the    District of Kansas, sitting by designation.

meanor convictions of failure to pay occupational tax before engaging in the business of accepting wagers [26 U.S.C. § 7203 (1982)]. Defendant filed on June 26, 1984, a notice of appeal with the Clerk of the United States District Court for the Western District of Oklahoma. The notice erroneously designated the court being appealed to as the United States Court of Appeals for the Tenth Circuit. Upon defendant's conviction before the United States magistrate his appeal of right lay with a judge of the district court. 18 U.S.C. § 3402 (1968).

Defendant's counsel was apparently informed of the misdesignation by the clerk's office and then filed an amended notice of appeal on July 20, 1984, properly naming the United States District Court to be the appellate court. The Government thereafter moved to dismiss defendant's appeal as untimely. The district court held that the misdesignation was not a slight technical error and that it rendered insufficient the notice of appeal filed June 26, 1984. Since there was no showing of excusable neglect for the late filing of the amended notice of appeal on July 20, 1984, the district court granted the Government's motion and dismissed the defendant's appeal as untimely.

■ The question of whether a document is legally sufficient to provide a district court with jurisdiction is one of law and not of fact.

■ The timely filing of the notice of appeal is mandatory and jurisdictional. *Browder v. Director Dept. of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). The Federal Rules of Procedure "are not, and were not intended to have an inflexible meaning irrespective of the circumstances." *Fallen v. United States,* 378 U.S. 139, 142, 84 S.Ct. 1689, 1691, 12 L.Ed.2d 760 (1964).

Rule 1(a) of the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates (Magistrates Rules) delineates the scope of these Rules to include appeals to judges of the district courts.

Rule 7(b) of the Magistrates Rules provides:

> An appeal from a judgment of conviction by a magistrate to a judge of the district court shall be taken within 10 days after entry of the judgment. An appeal shall be taken by filing with the clerk of the district court a statement specifying the judgment from which an appeal is taken, and by serving a copy of the statement upon the United States Attorney, personally or by mail, and by filing a copy with the magistrate.

This Rule does not require the notice of appeal to designate the appellate court as contrasted to the requirements of Rule 3(c) of the Federal Rules of Appellate Procedure.

Even though Fed.R.App.P. Rule 3 is not applicable to the present case, its requirements offer some important guidance. "An appeal shall not be dismissed for informality of form or title of the notice of appeal." Fed.R.App.P. 3(c). This sentence was added in 1979 in response to several decisions holding that a filed document indicating an intent to appeal satisfied the substance of the rule. Fed.R.App.P. 3 advisory committee note.

This court has previously considered the precise question before it now, whether the misdesignation of the appellate court in the notice of appeal warrants dismissal. *Graves v. General Insurance Corporation,* 381 F.2d 517, 519 (10th Cir.1967). In *Graves,* the notice of appeal recited that an appeal was being taken to the Supreme Court of New Mexico, instead of the United States Court of Appeals for the Tenth Circuit. Following other circuits, this court held that a defective notice of appeal does not justify dismissal "where the intention to appeal to a certain court of appeals may be reasonably inferred from the notice, and where the defect has not materially misled the appellee." 381 F.2d at 519.

■ It can be reasonably inferred from defendant's notice of appeal filed June 26, 1984, that he intended to appeal to the district court. The June 26th notice described the judgment being appealed by the

date of entry, the presiding judge, and the docket number. In light of these references and the jurisdiction provision in 18 U.S.C. § 3402, defendant's intent is readily inferable. There is no indication that appellee was prejudiced or misled by the misdesignation.

We reverse the order dismissing defendant's appeal to the district court and remand for disposition of the appeal on the merits.