930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hamza al KASHIF, Defendant-Appellant.
 No. 89-4101.
 United States Court of Appeals, Tenth Circuit.
 April 5, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BROBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Kashif appeals his criminal conviction and sentence.
 
 
 3
 Both parties have waived oral argument and we therefore decide this appeal based upon the thorough briefs and the record on appeal.
 
 
 4
 Mr. Kashif was convicted of interstate transportation of stolen securities (18 U.S.C. Sec. 2314). He was sentenced to ten months imprisonment and ordered to pay restitution of $12,524.24. Mr. Kashif appeals, asserting two issues: (1) did the district court err in excluding evidence relevant to Mr. Kashif's defense of mistaken identity; and (2) did the district court err in ordering restitution for losses not caused by the conduct underlying the offense of conviction.
 
 
 5
 We must first address the issue of our jurisdiction. Trial counsel was permitted to withdraw prior to the entry of the judgment. At this time Mr. Kashif requested the clerk to file a notice of appeal for him. The judgment was entered on June 20, 1989. For unstated reasons, no notice of appeal was filed until August 1, 1989, at which time the district court entered its order stating, "by reason of excusable neglect, the time for filing an appeal by the Clerk in this cause is extended to and including August 1, 1989." On the same day the clerk filed the notice of appeal.
 
 
 6
 We therefore face the situation where both the district court's order extending the time for filing the notice of appeal and the notice of appeal were filed forty-two days after the judgment. On January 22, 1990 this court ordered the parties to brief the jurisdictional issue thus presented.
 
 
 7
 Fed.R.App.P. 4(b) requires that in a criminal case the notice of appeal must be filed within ten days after the entry of the judgment. This same rule also provides that upon a showing of excusable neglect the district court may extend the time for filing a notice of appeal for an additional thirty days. Under this rule, a criminal defendant has a total of forty possible days in which to file the notice of appeal. A court of appeals has no jurisdiction to hear an untimely appeal. United States v. Robinson, 361 U.S. 220 (1960); Hilliard v. United States, 345 F.2d 252, 256 (10th Cir.1965). The timely filing of a notice of appeal is mandatory and jurisdictional. United States v. Neal, 774 F.2d 1022 (10th Cir.1985).
 
 
 8
 This appeal presents unique circumstances. First, Mr. Kashif has done everything he reasonably could be expected to do under the circumstances. The fault was not his; rather, it was the Government's. Second, in its brief upon the merits, the Government has confessed error in the judgment itself, insofar as the order of restitution is concerned.
 
 
 9
 In view of these unique circumstances, Mr. Kashif asks us to apply a rule of justice and fairness and cites three cases as authority to find we have jurisdiction. The first is Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215 (1962). In this case appellant applied for an extension during the thirty-day period applicable to civil appeals. This case does not allow us to waive the requirements of Fed.R.App.P. 4(b). The second case is Fallen v. United States, 378 U.S. 139 (1964). In this case appellant at sentencing was told he could appeal, his attorney withdrew, and appellant was hospitalized. Appellant sent his notice of appeal within ten days, and had the mail been timely, the notice would have been timely received. The Supreme Court allowed the late filing. We distinguish this case as notice was timely mailed. The third case is Thompson v. INS, 375 U.S. 384 (1964). In this case a late filing was allowed as the district court had informed appellant that his motions, which would delay the time of filing an appeal, had been timely filed under the applicable civil rule. The Supreme Court opined this case fell squarely within Harris Truck Lines. Id. at 387. We believe Thompson to be inapposite.
 
 
 10
 Fed.R.App.P. 4(b) is phrased in mandatory terms. It does not allow us to excuse or waive a late filing in the interests of justice. We are not free to apply the law only if we like the result.
 
 
 11
 We will note the district court required restitution for losses beyond those included in the offense of conviction. Under a recent Supreme Court case, Hughey v. United States, 110 S.Ct. 1979 (1990), such restitution is improper. The Government has so conceded in its brief to this court. In the event the district court would not correct this illegal sentence, Mr. Kashif would be entitled to collateral relief.
 
 
 12
 This appeal is DISMISSED for lack of jurisdiction as the notice of appeal was not timely filed. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3