951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America Plaintiff-Appellee,
v.
Hamza AL KASHIF, Defendant-Appellant.
 No. 89-4101.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 This court previously entered its Order and Judgment holding we did not have jurisdiction to entertain this appeal due to the late filing of a notice of appeal.
 
 
 2
 The Supreme Court vacated this judgment and remanded to us for further consideration. Specifically, the Supreme Court has asked us to examine a pleading signed by Mr. Al Kashif entitled "Waiver of Rights Advisement in Open Court and Request for Appeal" and to determine whether this is the "functional equivalent" of the required notice of appeal.
 
 
 3
 The pleading in question requested the Clerk of the District Court "to prepare and file forthwith a notice of appeal." Mr. Al Kashif prepared and filed the pleadings two days after sentencing but prior to the entry of the district court's judgment.
 
 
 4
 A notice of appeal has three basic requirements. It must specify: (1) the appellant; (2) the judgment appealed; and (3) the court to which the judgment is appealed.[1] The pleading failed to identify the judgment appealed; however, it did state the request was made pursuant to Fed.R.Crim.App. 32(a)(2) which, on its face, pertains to a final judgment in a criminal case. The context would therefore make it clear from which judgment Mr. Al Kashif was appealing. While the pleading at issue also failed to identify the court to which the appeal would be taken, that defect may be regarded as immaterial as there was but one court that could hear the appeal. See Graves v. General Ins. Corp., 381 F.2d 517, 519 (10th Cir.1967). We therefore hold the pleading in question to be the functional equivalent of a notice of appeal and hold we have jurisdiction to hear and decide Mr. Al Kashif's appeal.
 
 
 5
 Both parties have waived oral argument, and we therefore decide this appeal based upon the briefs and the record on appeal.
 
 
 6
 Mr. Al Kashif was convicted of interstate transportation of stolen securities (18 U.S.C. § 2314). He was sentenced to ten months imprisonment and ordered to pay restitution of $12,524.24. Mr. Al Kashif appeals, asserting two issues: (1) did the district court err in excluding evidence relevant to Mr. Al Kashif's defense of mistaken identity; and (2) did the district court err in ordering restitution for losses not caused by the conduct underlying the offense of conviction.
 
 
 7
 * The Trial Court's Exclusion of Evidence
 
 
 8
 Mr. Al Kashif was charged with interstate transportation of stolen securities. Mr. Marafre, a citizen of Kuwait, was attending school in Utah and was being supported by his family who sent periodic checks. Mr. Marafre's family sent a package containing five checks totaling $9,600, which was delivered to Defendant's address. Mr. Marafre never received the checks. An Arab man, using the name Steven Smith, then opened a checking account at a Nevada bank and a few days later deposited three of the stolen checks. The bank teller who opened the account identified Defendant as "Steven Smith." Shortly thereafter, a man identifying himself as Mr. Marafre showed up at the Minneapolis, Minnesota bank where the missing checks were drawn, cashed a $2,000 check and attempted to cash another $2,000 check payable to Mr. Marafre. The second check was rejected, however, as it was postdated. This check was subsequently deposited in the Nevada bank, and Defendant's fingerprint was found on the check.
 
 
 9
 At trial, the man who delivered the package to Defendant's address in Utah and the bank tellers testified. Upon cross examination, defense counsel showed each of the witnesses a series of photographs of an Arab man named Wael Al Bahar. The witnesses were questioned whether it was possible the person in the photographs might have been the person about whom they were testifying. Three of the four witnesses made comments to the effect that the person in the photographs could have been, might have been, or looked similar to the man with whom they dealt.
 
 
 10
 Upon Defendant's case in chief, Defendant's former live-in girl friend was called and was asked to identify the photograph of Mr. Al Bahar. The photographs depicted a man with a beard, and she could not testify if the photographs accurately depicted Mr. Al Bahar at the times in question as she had seen him both with and without a beard. The trial court therefore ruled Defendant had failed to establish the photographs were accurate depictions of Mr. Al Bahar's appearance during the relevant time period and were therefore neither relevant nor admissible.
 
 
 11
 The thrust of Mr. Al Kashif's defense was mistaken identity. Mr. Al Kashif introduced evidence that at the times in question he was in Salt Lake City and Mr. Al Bahar spent a lot of time at the address where the package was delivered. The Government's evidence that Defendant was the perpetrator included the bank employee who opened the Nevada bank account; the Nevada bank employee who cashed a check on the Nevada account; a photograph taken by a video surveillance camera at the Minneapolis bank; Defendant's fingerprint on one of the checks; and Defendant's use of a car identified as being driven by the man who cashed a check on the Nevada bank.
 
 
 12
 Mr. Al Kashif contends the trial court abused its discretion in refusing to admit the photographs. He argues Fed.R.Evid. 401 defines "relevant evidence" as evidence "having any tendency to make the existence of any fact ... more probable ... than it would be without the evidence" and asserts the photographs of Mr. Al Bahar met this requirement.
 
 
 13
 Under Fed.R.Evid. 901(a) there must be "evidence sufficient to support a finding that the matter in question is what its proponent claims." Mr. Al Kashif's defense was mistaken identity and that necessarily includes the fact as to Mr. Al Bahar's appearance at the relevant time periods. The offered photographs and supporting testimony failed this test as there was no showing the photographs fairly and accurately depicted Mr. Al Bahar's appearance during the relevant time periods. Mr. Al Kashif sought the admission of the photographs during the examination of a defense witness who was unable to state what Mr. Al Bahar looked like during the relevant time periods, i.e., did he have a beard or not. The witness was further unable to state when the photographs of Mr. Al Bahar were taken. Evidentiary rulings of a trial court are reviewed for an abuse of discretion. In the case before us, we are not persuaded to hold the trial court abused its discretion in ruling the photographs inadmissible as their foundation was simply inadequate.
 
 II
 The Trial Court's Order of Restitution
 
 14
 The sentencing court ordered Mr. Al Kashif to make restitution for losses beyond those included in the offense of conviction. Since sentencing, the Supreme Court decided Hughey v. United States, 495 U.S. 411, 110 S.Ct. 1979 (1990), which overruled previous decisions of this court holding that restitution may be ordered for " 'other criminal acts that had a significant connection to the act for which conviction was had.' " Id., 110 S.Ct. at 1982 n. 2 (quoting United States v. Duncan, 870 F.2d 1532, 1537 (10th Cir.), cert. denied, 493 U.S. 906 (1989)). See United States v. Hill, 798 F.2d 402, 405 (10th Cir.1986). The District Court's order of restitution was therefore improper.
 
 
 15
 We therefore remand this case to the District Court with instructions to vacate the restitution order and to resentence.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 See Fed.R.App.P. 3(c): "The notice of appeal shall specify the party ... taking the appeal; shall designate the judgment ... appealed ... and shall name the court to which the appeal is taken."