9 F.3d 977
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Jay Alan ROTHSTEIN.
 Misc. No. 377.
 United States Court of Appeals, Federal Circuit.
 July 30, 1993.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Jay Alan Rothstein petitions for a writ of mandamus to direct the Court of Federal Claims to direct the Clerk to transmit his notice of appeal to this court. The United States does not oppose. Rothstein moves for leave to file a reply to the United States' response, with reply attached.
 
 
 2
 This matter arises from Rothstein's efforts to retain his admission to practice before the Court of Federal Claims. Rothstein's application was based on his admission to practice before the High Court of the Trust Territory of the Pacific Islands.
 
 
 3
 On April 12, 1993, the Court of Federal Claims vacated Rothstein's admission after determining that the Trust Territory of the Pacific Islands is not a "territory or possession" of the United States for purposes of admission to the bar and that the Court of Federal Claims was not estopped from vacating Rothstein's admission. On April 22, 1993, Rothstein submitted a notice of appeal.
 
 
 4
 On May 6, 1993, the Clerk of the Court of Federal Claims returned Rothstein's notice of appeal, stating "[t]here is no provision in either the rules of this court or the rules of the Court of Appeals for the Federal Circuit for the filing of an appeal from the admissions order of April 12, 1993."
 
 
 5
 Rothstein petitions for a writ of mandamus to direct the Clerk of the Court of Federal Claims to transmit his notice of appeal to this court. Rothstein argues that the Clerk is without authority to reject his notice of appeal. In its response, the United States agrees with Rothstein pointing out that Fed.R.App.P. 3 requires a clerk of the trial court to "transmit forthwith a copy of the notice of appeal ... to the clerk of the court of appeals named in the notice." Regarding the propriety of filing a notice of appeal from an admissions order, the United States points out that the courts of appeal have jurisdiction to "review decisions by district courts within their circuits regarding the admission of attorneys to practice pursuant to the district court's local rules. See e.g., In re Medrano, 956 F.2d 101, 103 (5th Cir.1992), citing Frazier v. Heebe, 482 U.S. 641, 645 (1987)."
 
 
 6
 We agree with Rothstein and the United States that the Federal Rules of Appellate Procedure require the clerk of a trial court to "transmit forthwith" a copy of Rothstein's notice of appeal. The Clerk of the Court of Federal Claims must accept for filing a notice of appeal that is delivered to him; it is not his function to pass on the sufficiency or timeliness of the notice. Such questions are to be determined by the court of appeals. 9 Moore's Federal Practice p 203.10 (1990). See also Graves v. General Insurance Corp., 381 F.2d 517, 518 (10th Cir.1967) ("it is not the function of the clerk of a district court to pass on the sufficiency of a notice of appeal").
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Rothstein's petition for writ of mandamus is granted. The Clerk of the Court of Federal Claims is directed to transmit a copy of Rothstein's notice of appeal to the United States Court of Appeals for the Federal Circuit.
 
 
 9
 (2) Rothstein's motion for leave to file a reply is granted.