UNITED STATES COURT OF APPEALS
**Filed 8/14/96**
FOR THE TENTH CIRCUIT

DUANE E. BROOKS,

     Plaintiff-Appellant,

v.

JEFFREY BROWN, Officer; CARL
RASMUSSEN, Officer; DAVID
WILSON, Officer; DANIEL
KORKOWSKI, Officer,

     Defendants-Appellees,

   and

G. SCOTT LANDERS, Detective;
STEVEN COOPER, Detective; SEAN
DEBOW, Officer; JERRY NICHOLS,
Officer; L. RICHMOND, Officer;
DAVID MCCLENAHAN, Officer;
THOMAS WILKES, Officer;
ROBERT HEAPS, Officer,

     Defendants.

No. 95-1386
(D.C. No. 94-B-591)
(D. Colo.)

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before TACHA, ALDISERT,** and BALDOCK, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff timely appeals[1] from a district court order granting summary judgment on behalf of defendants-appellees, Aurora police officers Korkowski, Brown, Rasmussen, and Wilson ("arresting officers"), whom plaintiff sued under 42 U.S.C. § 1983 for allegedly using excessive force in effecting his arrest for burglary in 1993. Upon de novo review of the record under the same standard applied by the district court, see Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995); see also Wilson v. Meeks, 52 F.3d 1547, 1552-53 (10th Cir.

_____

** Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

[1] Observing that plaintiff's first notice of appeal misstated the date of the judgment under review, and that his second, corrected notice was filed more than thirty days after the judgment, defendants-appellees contend the appeal should be dismissed as untimely. This contention is meritless. The obvious clerical error in the first, timely notice, which could not reasonably have misled anyone regarding the intent of the appeal, did not nullify plaintiff's invocation of our jurisdiction. See Shapolia v. Los Alamos Nat'l Lab., 992 F.2d 1033, 1036 n.3 (10th Cir. 1993); see also Dupree v. United Parcel Serv., Inc., 956 F.2d 219, 220 n.1 (10th Cir. 1992); United States v. Neal, 774 F.2d 1022, 1023-24 (10th Cir. 1985).

1995)(detailing analytical structure of summary judgment disposition in present context), we affirm for the reasons stated below.

First, however, we should clarify the proper scope of this appeal, which is limited in two important respects. As our caption reflects, plaintiff initially named several other defendants in this action. Early on in the proceeding, the district court granted summary judgment for these additional defendants, based on their lack of personal participation in any of the events alleged. Plaintiff has not challenged that ruling, electing to pursue only those claims he asserted against the remaining, arresting officers. Plaintiff also pleaded a claim of inadequate medical care, or deliberate indifference, see Howard v. Dickerson, 34 F.3d 978, 980 (10th Cir. 1994), in addition to the excessive force claim referred to above. On appeal, however, he does not even contend, much less substantiate with citation to record evidence, that the arresting officers had anything to do with his medical treatment. We are, therefore, concerned here solely with the district court's determination that the arresting officers are entitled to summary judgment on plaintiff's excessive force claim.

In November 1993, plaintiff was interrupted in the course of a residential burglary by officers Korkowski and Brown. When ordered by officer Korkowski to "freeze," plaintiff fled. The officers tracked him to a neighbor's garage, where they overcame his physical resistance and, with some minor assistance from

officers Rasmussen and Wilson, handcuffed him and transported him to the police station. Plaintiff insists that the force used during this encounter was constitutionally excessive.

To sustain such a claim, plaintiff must show that the officers' use of force was not "'objectively reasonable' in light of the facts and circumstances confronting them . . . ." Graham v. Connor, 490 U.S. 386, 397 (1989). This standard requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. We note that, while this determination was made here in the context of the arresting officers' claims of qualified immunity, "'in excessive force cases the substantive inquiry that decides whether the force exerted by police was so excessive that it violated the Fourth Amendment is the same inquiry that decides whether the qualified immunity defense is available to the government actor.'" Mick v. Brewer, 76 F.3d 1127, 1135 n.5 (10th Cir. 1996)(quoting Quezada v. County of Bernalillo, 944 F.2d 710, 718 (10th Cir. 1991)).

Officers Korkowski and Brown submitted affidavits relating their recollections of the events surrounding plaintiff's arrest. Officer Korkowski stated in pertinent part:

1.      On November 15, 1993, . . . I responded to the area of a burglary in progress . . . and was the first officer to arrive on the scene. I took up a position . . . and watched the residence and the possible suspect car, which I was advised had been stolen . . . .

. . . .

3.      As the suspect exited the house, I yelled at him to "freeze, police" . . . . The suspect then ran . . . .

4.      Thereafter, I assisted other officers in looking for the suspect. After approximately 40 minutes, the suspect was located in a garage . . . , where I first observed him under a vehicle.

5.      A male, female and 2 children, all who lived in the house, were standing in the open door between the attached garage and the house.

6.      I yelled at the suspect to exit from under the vehicle very slowly, however, he started out from under the vehicle very quickly, and would not lay down on the ground as instructed.

7.      Officer Brown and I then attempted to restrain the suspect in the very limited space between the car and the truck in the garage. The suspect started to stand up with Officer Brown attempting to hold his wrist. I grabbed the suspect by the forehead and pulled him backwards. Officer Brown, the suspect, and I all fell to the ground in the small space between two parked cars, where Officer Brown and I struggled to restrain the suspect. The suspect was thereafter handcuffed and searched for weapons. I saw that he had two screwdrivers, one of which was 12 to 16 inches long, hidden under his jacket.

8.      I did not at any time on November 15, 1993, either during, prior, or subsequent to his arrest, strike or kick the suspect Duane Brooks. I further did not observe any other office [sic] strike or kick the suspect Duane Brooks.

R. doc. 39, attached Affidavit of Officer Daniel Korkowski at 1-3. Officer Brown

corroborated these statements, including some additional details about the

struggle in the garage:

> 7.     . . . When the suspect began to crawl out from under the car, I ordered him to stop and show me his hands, so that I could ensure that he was not armed. He continued to crawl out from under the vehicle and I could only see his left hand at this point.

> . . . .

> 9.     I then ordered the suspect to slide out from underneath the truck, but to continue to stay down. As the suspect emerged from underneath the truck, he pushed upward from the ground with his right arm into the small space between two vehicles; I continued to order the suspect to stay down.

> 10.     As the suspect continued to stand and reach out, . . . . I then attempted to control the suspect by grabbing him around the waist and shoulders from behind. As he continued to stand, he dragged me toward the rear of the garage at which time I feared that he would escape.

> 11.     Officer Korkowski who was behind me, then reached over me and grabbed the suspect in a "chin cup", which caused the three of us to fall backward to the ground.

> 12.     Thereafter I maneuvered to a position where I was lying on top of the suspect and was able to bring the suspect's arms behind his back and thereafter ask for assistance in handcuffing the suspect.

> 13.     On November 15, 1993, I did not at any time strike or kick the suspect at any time prior to, during or subsequent to his arrest.

Id., attached Affidavit of Officer Jeffrey Brown at 2-3.

These affidavits plainly reflect an objectively reasonable use of force to apprehend a resisting felon who posed both a risk of flight and a potential danger to the officers and family in the immediate area. Moreover, the affidavits are borne out in material part by all of the pertinent reports and trial excerpts in our record. Most importantly, as noted by the magistrate judge, plaintiff in his deposition expressly adopted the statements made by officers Korkowski and Brown describing the manner of their physical contact with plaintiff during his arrest. R. doc. 75, exhibit C, at 17-19. In his objections to the magistrate judge's recommendation, which had relied primarily on the factual admissions made in his deposition, plaintiff reversed himself and stated that he "does dispute the officers' police reports and affidavits," R. doc. 85 at 3, but never specified the substance of and basis for this vacillating dispute. Such a vague and conclusory assertion does not constitute a proper objection to the magistrate judge's finding of facts. See generally Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996). Indeed, plaintiff went on to argue in his objection--as he had earlier in response to the motion for summary judgment, see R. doc. 78 at 6-7--that excessive force had been established precisely because of the facts related in the arresting officers' reports and affidavits, see R. doc. 85 at 4. Under the circumstances, we agree with the district court that the entry of summary judgment on behalf of officers Korkowski and Brown was appropriate.

As for officers Wilson and Rasmussen, the magistrate judge noted that uncontroverted evidence showed their involvement in plaintiff's arrest had been limited to handcuffing plaintiff and holding his arm while a bloodhound identified him as the tracked suspect. Such conduct obviously cannot sustain a claim for excessive force. Moreover, our conclusion that officers Korkowski and Brown did not use excessive force forecloses any derivative claim that Rasmussen and Wilson could be liable for failing to intervene on plaintiff's behalf. See Mick, 76 F.3d at 1136 ("a law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983")(emphasis added).

We have considered all of the contentions raised by plaintiff, and, whether expressly addressed or only tacitly rejected herein, each has been found meritless. The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Ruggero J. Aldisert
Circuit Judge