FILED
United States Court of Appeals
Tenth Circuit

September 19, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

N. THOMAS HEATON,

Plaintiff-Appellant,

v.

AMERICAN BROKERS CONDUIT;
AMERICAN HOME MORTGAGE
SERVICE INC.; RECONTRUST
COMPANY, N.A.; AMERICA'S
WHOLESALE LENDER; BACKMAN
TITLE SERVICES, f/k/a Sundance Title;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
BANK OF AMERICA, N.A,

Defendants-Appellees.

No. 11-4178
(D.C. No. 2:11-CV-00531-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, Senior Circuit Judge, **ANDERSON** and **BALDOCK**,
Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

N. Thomas Heaton appeals the district court's dismissal of this diversity dispute for failure to state a claim.[1] We perceive no error in the district court's analysis and therefore affirm for substantially the same reasons.

I

Mr. Heaton originally brought this action in Utah state court in an apparent attempt to stave off the foreclosure of his home. He raised various claims for relief, generally seeking to quiet title in his name, challenge the process of securitization, and dispute defendants' authority to foreclose.[2] Defendants removed the action to federal court, where they moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Heaton urged the court to remand the matter to state court, but on August 24, 2011, the district court denied his request and dismissed the action with prejudice. Final judgment was entered on September 2, 2011.

On September 20, Mr. Heaton moved the district court to set aside its judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Three days later, while the motion to set aside the judgment was still pending, Mr. Heaton filed a notice of appeal from the underlying dismissal order. The district court eventually

---

[1] Because Mr. Heaton is proceeding pro se, we afford his materials a liberal construction, but we do not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[2] "Securitization" refers to the "process of pooling loans and selling them to investors on the open market." *See Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1197 n.2 (10th Cir. 2011).

denied the motion to set aside the judgment on November 18, and on December 20, Mr. Heaton filed an untimely notice of appeal from that decision. Recognizing the jurisdictional defect, this court issued a show cause order, to which Mr. Heaton responded on January 9, 2012, indicating that he no longer wished to appeal the district court's refusal to set aside the judgment. Given this chronology, defendants contend we have jurisdiction to review the underlying dismissal order, but not the denial of post-judgment relief.

II

A. Appellate Jurisdiction

We first consider our jurisdiction. Mr. Heaton withdrew his challenge to the district court's denial of post-judgment relief, so we need only consider whether he perfected his appeal from the court's dismissal order. Mr. Heaton prematurely filed his first notice of appeal on September 23, 2011, before the court ruled on his motion to set aside the judgment, but the notice of appeal ripened once the district court denied that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i); *Breeden v. ABF Freight Sys., Inc.*, 115 F.3d 749, 752 (10th Cir. 1997). Consequently, we have jurisdiction to review the dismissal of Mr. Heaton's action, but we have no occasion to consider the order denying post-judgment relief.[3]

---

[3]   The September 23 notice of appeal, in addition to its premature filing, also incorrectly designated the United States Supreme Court rather than this court as the court to which the appeal was to be taken. Federal Rule of Appellate Procedure 3(c)(1)(C) states that a "notice of appeal must name the court to which the

(continued)

Apart from issues relating to the notice of appeal, we note that to the extent he could, Mr. Heaton waived any challenge to the district court's refusal to remand the case to state court by failing to advance any pertinent argument in his opening brief. *See Huffman v. Saul Holdings Ltd. P'Ship*, 194 F.3d 1072, 1076-77 (10th Cir. 1999) (holding that procedural defects in the removal process can be waived, though defects in the court's subject matter jurisdiction cannot). Mr. Heaton similarly waived any argument against the district court's dismissal of his claim brought under the Consumer Sales Practices Act. *See Alpine Bank v. Hubbell*, 555 F.3d 1097, 1109 (10th Cir. 2009) (failure to advance any argument waives appellate review).

B. Merits

We turn then to the propriety of the district court's dismissal of Mr. Heaton's five remaining claims. "We review a district court's dismissal under Federal Rule of

appeal is taken." However, a technical defect such as Mr. Heaton's improper designation of the Supreme Court should not defeat appellate jurisdiction "'where the intention to appeal to a certain court of appeals may be reasonably inferred from the notice, and where the defect has not materially misled the appellee.'" *United States v. Treto-Haro*, 287 F.3d 1000, 1002 n.1 (10th Cir. 2002) (quoting *Graves v. Gen. Ins. Corp.*, 381 F.2d 517, 519 (10th Cir. 1967)). In *Graves*, the notice of appeal designated the New Mexico Supreme Court rather than this court as the court to which the appeal was taken, but we took jurisdiction because the notice correctly identified the federal district court from which the appeal was taken; this court was the only court to which the appeal could have been taken; and the appellees were not misled by the error. 381 F.2d at 519-20. Similarly, here, we can reasonably infer Mr. Heaton's intent to appeal to this court because his notice of appeal correctly identifies the United States District Court for the District of Utah as the court from which the appeal was taken; the notice of appeal was filed in that court; and appellees understood that an appeal from that court would lie only in this court. Accordingly, the defect in Mr. Heaton's pro se notice of appeal does not defeat our appellate jurisdiction.

Civil Procedure 12(b)(6) de novo." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). It is not enough "that *some* plaintiff could prove *some* set of facts in support of the pleaded claims . . . ; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation marks omitted).

The district court first dismissed Mr. Heaton's request to quiet title in his name because he defaulted on his loan and merely sought to attack defendants' interest in the property rather than prevail on his own. *See Gillmor v. Blue Ledge Corp.*, 217 P.3d 723, 728 (Utah Ct. App. 2009) ("To succeed in an action to quiet title to real estate, a party must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title." (internal quotation marks omitted)). Second, the court denied a declaratory judgment establishing that the securitization process severed the note from the deed of trust, thereby preventing defendants from foreclosing, because Utah courts had already rejected that theory. *See Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 263 P.3d 397, 402-04 (Utah Ct. App.), *cert. denied*, 268 P.3d 192 (Utah 2011) (rejecting split-note theory premised on false assertion that defendant Mortgage Electronic Registration Systems, Inc.'s role in the securitization process divested

defendants of their authority to foreclose by severing the note from its security).

Third, the court dismissed Mr. Heaton's slander-of-title claim, which alleged that defendants falsified foreclosure documents, because the claim was predicated upon conclusory allegations with no supporting factual averments. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Fourth, the court rejected Mr. Heaton's charge that defendant American Mortgage Servicing, Inc., breached the covenant of good faith and fair dealing by refusing to process a loan modification, reasoning that his claim was not predicated on some breach of the extant mortgage contract but instead upon his attempt to unilaterally impose new obligations on defendants based on their refusal to *modify* the mortgage contract. *See PDQ Lube Ctr., Inc. v. Huber*, 949 P.2d 792, 798 (Utah Ct. App. 1997) ("[The] covenant cannot be construed to establish new, independent rights or duties not agreed upon by the parties." (internal quotation marks omitted)). Finally, the district court recognized that Mr. Heaton fatally failed to plead his fraud and negligent misrepresentation claims with particularity as required by Fed. R. Civ. P. 9(b). *See Kuhre v. Goodfellow*, 69 P.3d 286, 291-92 (Utah 2003).

We perceive no error in the district court's analysis. The court accurately evaluated Mr. Heaton's complaint and concisely explained why it failed to state a plausible claim for relief. We see no reason to recreate the district court's decision, and therefore, having review the parties' appellate materials, the record on appeal,

and the relevant legal authority, we AFFIRM the district court's judgment for

substantially the same reasons stated by the court in its order dated August 24, 2011.

Entered for the Court

John C. Porfilio
Senior Circuit Judge