Justice v. Mission Hosp., Inc., 2019 NCBC 36.

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

RANDY JUSTICE, Individually and on
behalf of all persons similarly situated;
CATHY JUSTICE, Individually and on
behalf of all persons similarly situated;
and CATHY JUSTICE, Guardian ad
Litem for the minor child JULYETTE
WILKERSON,

                Plaintiffs,

     v.

MISSION HOSPITAL, INC. d/b/a
"MISSION HOSPITALS" or "MISSION
HOSPITAL"; NATIONAL GENERAL
INSURANCE COMPANY; and
REVCLAIMS, LLC,

                Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 1755

**ORDER & OPINION ON MOTION TO
DISMISS APPEAL AND MOTION FOR
LEAVE TO FILE AMENDED NOTICE
OF APPEAL**

1.　THIS MATTER is before the Court on Defendants' Motion to Dismiss
Appeal, filed May 1, 2019 ("Motion to Dismiss"), and Plaintiffs' Motion to Amend the
Notice of Appeal Filed Herein, filed May 17, 2019 ("Motion to Amend"). For reasons
discussed below, the Court DENIES the Motion to Amend and GRANTS the Motion
to Dismiss.

*Long, Parker, Payne, Anderson & McClellan P.A., by Robert B. Long, Jr.,
for Plaintiffs.*

*Jones Walker LLP, by Joseph L. Adams, for Defendant RevClaims, LLC.*

*Robinson, Bradshaw & Hinson P.A., by Robert W. Fuller and Mark A.
Hiller, and Roberts & Stevens P.A., by Phillip T. Jackson and Eric P.
Edgerton, for Defendant Mission Hospital, Inc.*

*Shumaker, Loop & Kendrick LLP, by Christian H. Staples, J. Bennett Crites, III, and Laura Johnson Evans, for Defendant RevClaims, LLC.*

*Young Moore & Henderson P.A., by Glenn C. Raynor, Walter E. Brock, Jr., and Angela Farag Craddock, for Defendant National General Insurance Company.*

Gale, Judge.

## I.     INTRODUCTION

2.     This Court is again faced with a motion to dismiss an appeal which was addressed to the North Carolina Court of Appeals when it should instead have been presented to the North Carolina Supreme Court.  On similar facts presented in a similar procedural posture, this Court earlier held that the notice of appeal included a jurisdictional defect which only the appellate courts have the authority to address. *Zloop, Inc. v. Parker, Poe, Adams & Bernstein,* 2018 NCBC LEXIS 40 (N.C. Super. Ct. Apr. 30, 2018).  The Court here again concludes it must dismiss the appeal, even though the jurisdictional defect was clearly inadvertent and the record would allow for no finding that Defendant was surprised as to the matter being appealed from or otherwise suffered prejudice.  Absent a future amendment to N.C. R. App. P. 3, Plaintiffs appear confined to a petition for discretionary review to the North Carolina Supreme Court, as was successfully taken by the plaintiff in *Zloop.  Zloop, Inc. v. Parker Poe Adams & Bernstein, LLP*, 818 S.E.2d 636 (N.C. 2018).

## II.     PROCEDURAL HISTORY

3.     Plaintiffs filed their initial complaint on April 20, 2018, asserting claims of breach of contract, interference with contractual relations, and unfair or deceptive

trade practices ("UDTP") related to collection practices for services billed for medical treatment at Mission Hospital in Asheville, North Carolina. (Compl., ECF No. 3.) The action was designated as a mandatory complex business case on May 11, 2018. (Designation Order, ECF No. 1.) Plaintiffs subsequently amended their complaint on May 30, 2018, to add a claim for conversion. (Am. Compl. ¶¶ 45–47, ECF No. 16.) Plaintiffs seek to represent a purported class of similarly situated persons. (Am. Compl. ¶¶ 48–57.)

4.     On July 2, 2018, Defendant Mission Hospital, Inc. ("Mission") moved to dismiss the Amended Complaint pursuant to N.C. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). (Def. Mission Hospital's Mot. Dismiss Pls.' Compl., ECF No. 21.) On July 13, 2018, Defendant RevClaims, LLC ("RevClaims") filed a similar Rule 12(b)(6) motion. (Def. RevClaims' Mot. Dismiss Am. Compl., ECF No. 27.) On August 8, 2018, Defendant National General Insurance Company ("National General") moved to dismiss under both N.C. R. Civ. P. Rule 12(b)(1) and Rule 12(b)(6). (Def. National General's Mot. Dismiss Am. Compl., ECF No. 30.)

5.     The motions to dismiss were fully briefed and heard. On March 27, 2019, the Court denied National General's Rule 12(b)(1) motion, granted the Rule 12(b)(6) motions, and dismissed the Amended Complaint with prejudice. (Order & Opinion Mots. to Dismiss, ECF No. 54.)

6.     On April 3, 2019, Mission filed and served a Notice of Entry of Judgment Pursuant to Rule 58. (ECF No. 55.)

7.     On April 10, 2019, Plaintiffs timely filed a Notice of Appeal ("Notice") which reads as follows:

> TO THE HONORABLE COURT OF APPEALS OF NORTH CAROLINA:
>
> Plaintiffs, Randy Justice, Individually and on behalf of all persons similarly situated, Cathy Justice, Individually and on behalf of all persons similarly situated, and Cathy Justice, Guardian ad Litem for the minor child Julyette Wilkerson, hereby gives Notice of Appeal to the Court of Appeals of North Carolina from the Notice of Entry of Final Judgment dated 3 April 2019 and the Order & Opinion on Motions to Dismiss dated the 27th day of March, 2019, which Final Judgment as embodied within the Order & Opinion dated 27 March 2017 granted the Defendants' various Motions to Dismiss for failure to state a claim and dismissed Plaintiff's Amended Complaint with prejudice. (ECF No. 56.)

8.     On May 1, 2019, Plaintiffs timely served a proposed Record on Appeal, designating the North Carolina Court of Appeals as the court to which the appeal is being taken. (Consent Mot. Enlargement Time Serve Resp. Proposed Rec. Appeal ¶ 3, ECF No. 62.)

9.     On May 1, 2019, Defendants filed their Motion to Dismiss, asserting that the Notice was jurisdictionally defective because it was addressed to the North Carolina Court of Appeals rather than to the North Carolina Supreme Court. (ECF No. 57.)

10.     On May 14, 2019, the Court granted a consent motion extending the time by which Defendants are required to respond to the proposed Record on Appeal until July 3, 2019. (Order Granting Mot. Ext. Deadline, ECF No. 65.)

11.     On May 17, 2019, Plaintiffs filed their Motion to Amend seeking to amend the Notice of Appeal to designate the North Carolina Supreme Court as the court to

which the appeal is being taken, (ECF No. 66), as well as their opposition to Defendants' Motion to Dismiss, (ECF No. 67).

### III. DISCUSSION

12. The respective motions have been fully briefed. The Court elects to rule on the motions without oral argument pursuant to Business Court Rule 7.4.

13. For a final judgment in a mandatory complex business case filed on or after October 1, 2014, appeal is to be made directly to the North Carolina Supreme Court. N.C. Gen. Stat. § 7A-27(a)(2).

14. A motion to dismiss an appeal is properly made to the trial court where the record on appeal has not been finalized and filed. N.C. R. App. P. 25(a); *see also Carter v. Clements Walker PLLC*, 2014 NCBC LEXIS 12, at *6–10 (N.C. Super. Ct. Apr. 30, 2014); *Ehrenhaus v. Baker*, 2014 NCBC LEXIS 30, at *3–4 (N.C. Super. Ct. July 16, 2014).

15. The form of a Notice of Appeal is governed by N.C. R. App. P. 3(d) ("Rule 3(d)"). "The provisions of Rule 3 are jurisdictional, and failure to follow the rule's prerequisites mandates dismissal of an appeal." *Bailey v. N.C. Dep't of Revenue,* 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000).

16. As noted, this Court was required previously to consider the import of a notice of appeal having designated that the appeal was being taken to the Court of Appeals when the appeal was properly directed to the Supreme Court and concluded that a trial court has no discretion to cure the defective notice by allowing it to be amended to designate the correct court. *Zloop,* 2018 NCBC LEXIS 40, at *4. The

Court acknowledged inconsistent precedent that allows for argument that our appellate courts may in their discretion excuse certain jurisdictional defects. *See, e.g.*, *Phelps Staffing, LLC v. S.C. Phelps, Inc.*, 217 N.C. App. 403, 410, 720 S.E.2d 785, 791 (2011); *Guilford Cty. Dep't of Emergency Servs. v. Seaboard Chem. Corp.*, 114 N.C. App. 1, 9, 441 S.E.2d 177, 181 (1994). However, the Court was neither then nor is it now aware of any precedent that supports the argument that the trial courts also have such discretionary authority.

17. Plaintiffs respectfully argue that this Court's decision in *Zloop* incorrectly concluded that the failure properly to designate the proper appellate court to which the appeal is being taken is jurisdictional. (Brief Opp'n. Mot. Dismiss Appeal at 5.) They further contend that the Court's conclusion is inconsistent with the Drafting Committee Notes to Rule 3(d) discussing *Graves v. General Insurance Corp.,* 381 F.2d 517 (10th Cir. 1967), thereby recognizing discretionary authority to allow an appeal to proceed pursuant to a defective notice. (Brief Opp'n. Mot. Dismiss Appeal at 5.)

18. The Court was aware of and considered that argument before issuing its Order & Opinion in *Zloop* dismissing the appeal.[1]

19. In sum, the Court finds no basis to depart from its earlier holding in *Zloop* and finds no significant factual or procedural variation here that would avoid

---

[1] It was also aware of the decision in *State ex rel. Utilities Commission, LLC v. Cooper,* 366 N.C. 484, 739 S.E.2d 541 (2013), where the Supreme Court proceeded with its review even though the Utilities Commission had allowed the notice of appeal to be amended, without any discussion of a potential jurisdictional defect in the notice. The Court does not believe this decision compels a different result for two reasons. First, the appeal was governed by Appellate Rule 18 rather than Appellate Rule 3(d). Second, inferring that the Supreme Court exercised its discretion to avoid a fatal jurisdictional defect does not require a further inference that a trial court has the same discretion.

applying that holding.  Accordingly, while the Court takes no pleasure in doing so, it concludes that it must dismiss the appeal.

## IV.    CONCLUSION

20.    The Court therefore rules that:

a.    Defendants' Motion to Dismiss Appeal is GRANTED;

b.    Plaintiff's Motion for Leave to File Amended Notice of Appeal is DENIED; and

c.    The appeal is DISMISSED.

IT IS SO ORDERED this the 5th day of June, 2019.

/s/ James L. Gale

James L. Gale
Senior Business Court Judge